# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00317-FDW
# (CRIMINAL CASE NO. 3:12-cr-00188-FDW-7)

| | |
|---|---|
| **JOSTON JAMAL CLEMMER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 12]. The Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

## I.    BACKGROUND

On October 17, 2012, Petitioner Joston Jamal Clemmer ("Petitioner") was charged in a Superseding Bill of Indictment with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One); one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count Twenty-Two); one count of using and carrying a firearm in furtherance of a crime of violence, that is the Hobbs Act robbery charged in County Twenty-Two, in violation of 18 U.S.C. § 924(c) (Count Twenty-Three); and two counts of Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951 (Counts Twenty-Four and Twenty-Seven). [CR Doc.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00317-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00188-FDW-7.

280: Superseding Bill of Indictment]. Counts Twenty-Two and Twenty-Three of the Superseding Indictment, which are implicated in the motion before the Court, read as follows:

### COUNT TWENTY-TWO
### (Hobbs Act Robbery)
…

79. On or about August 4, 2011, in Gaston County, which is within the Western District of North Carolina, [Petitioner and co-Defendant Marquise Deshawn Watson] **aiding and abetting each other and others**, both known and unknown to the Grand Jury, **attempted to and did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(a)(3), by robbery**, in that they did unlawfully attempt to take and did take controlled substances and the proceeds of the illegal trafficking of controlled substances from the person of an individual known to the Grand Jury, without consent, against his will, and by means of actual and threatened force, violence, and fear of immediate and future injury, and induced by the wrongful use of force, violence, and fear, including fear of economic loss.

In violation of Title 18, United States Code, Sections 1951 and 2.


### COUNT TWENTY-THREE
### (Use and Carrying of a Firearm During and in Relation to a Crime of Violence)
…

81. On or about August 4, 2011, in Gaston County, which is within the Western District of North Carolina, [Petitioner and co-Defendant Marquise Deshawn Watson] during and in relation to a crime of violence, to wit, **a Hobbs Act Robbery, a violation of Title 18, United States Code, Section 1951, charged in Count Twenty-Two of this Indictment**, for which they may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry one or more firearms, and in furtherance of such crime of violence, did possess one or more firearms, to wit: a Heritage Arms, .22 caliber revolver.

In violation of Title 18, United States Code, Sections 924(c).

[CR Doc. 280 at 42-43 (emphases added)].

The parties reached a Plea Agreement on these charges pursuant to which Petitioner agreed to plead guilty to Counts One, Twenty-Two, Twenty-Three, and Twenty-Seven and the Government agreed to dismiss Count Twenty-Four. [CR Doc. 330: Plea Agreement]. Petitioner faced a maximum term of 20 years' imprisonment on Count One, 18 U.S.C. § 1962(d); a maximum term of imprisonment of twenty (20) years on each of Counts Twenty-Two and Twenty-Seven, 18 U.S.C. § 1951; and a minimum term of five (5) years to life on County Twenty-Three, to be served consecutively to any other terms of imprisonment imposed in the matter, 18 U.S.C. § 924(c). [Id. at 3].

Petitioner's sentencing hearing was held on January 28, 2014. The Court sentenced Petitioner to thirty-seven (37) months on each of Counts One, Twenty-Two, and Twenty-Seven, to run concurrently, and sixty (60) months on Count Twenty-Three, to be served consecutively to the terms imposed for Counts One, Twenty-Two, and Twenty-Seven, for a total term of 97 months' imprisonment. [CR Doc. 789 at 2: Judgment]. Judgment on this conviction was entered on March 24, 2014. [Id.]. Petitioner did not directly appeal his conviction.

On June 13, 2016, Petitioner filed a Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [See CV Doc. 1 at 4, 14]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 2]. The Federal Defenders of Western North Carolina then filed a Supplemental Motion to Vacate on Petitioner's behalf, arguing that Petitioner's § 924(c) conviction predicated on Hobbs Act robbery is invalid. [CV Doc. 3]. On the Government's request, the Court then stayed the matter pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. [CV Doc. 3, 4]. The Fourth Circuit decided Simms in January 2019 and stayed Ali pending the

decision of the Supreme Court in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June 24, 2019, after which the stay in this matter was lifted. [CV Doc. 9]. Petitioner then filed a Supplemental Memorandum in Support of Section 2255 Motion. [CV Doc. 10]. The Government timely filed a motion to dismiss Petitioner's § 2255 motion to vacate. [CV Doc. 12]. The Petitioner responded to the Government's motion [Doc. 13] and the Government replied [Doc. 14].

This matter is now ripe for disposition.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Twenty-Three was imposed in violation of the Constitution and laws of the United States. [See CV Doc. 1].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing

4

a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charge of Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [CV Doc. 3 at 4]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, after Davis, under Petitioner's argument, Petitioner's conviction on Count Twenty-Three is valid only if Hobbs Act robbery qualifies as a

"crimes of violence" under § 924(c)'s force clause.

About a month after Davis, the Fourth Circuit held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). In his Supplemental Memorandum, filed in January 2020, Petitioner contends, for the first time, that "[t]he record creates ambiguity regarding the underlying 'crime of violence' of the § 924(c) predicate." [CV Doc. 10 at 3]. Without explaining or attempting to describe the ambiguity, Petitioner argues "any ambiguity regarding which predicate was the basis for the § 924(c) conviction should be construed against the government." [Id.]. Further, he states, "[b]ecause conspiracy to commit Hobbs Act robbery, aiding and abetting Hobbs Act robbery, and attempted Hobbs Act robbery categorically fail to qualify as a 'crime of violence' under Davis, [Petitioner's] § 924(c) conviction is void." [Id.]. Finally, Petitioner argues that, under Fourth Circuit precedent, his guilty plea to the § 924(c) charge should be predicated on the 'least serious' charge of conspiracy, aiding and abetting, or attempted Hobbs Act robbery," [Id. at 6 (citing United States v. Chapman, 66 F.3d 220, 227 (4th Cir. 2012) and United States v. Vann, 660 F.3d 771, 774 (4th Cir. 2011)], none of which are "crimes of violence" [Id. at 3-6 (citations omitted)].

Petitioner's argument is without merit. First, there is simply no ambiguity in the charging document in this case. As set out above, Petitioner's charge on County Twenty-Three was clearly predicated on the crime of violence set out in Count Twenty-Two, aiding and abetting Hobbs Act robbery. Contrary to Petitioner's assertions, aiding and abetting Hobbs Act robbery remains a crime of violence. Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or

procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). See also United States v. Steward, 2019 WL 6875294, *1 (4th Cir. Dec. 17, 2019) (citing Mathis for the proposition that aiding and abetting Hobbs Act robbery is a crime of violence). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

Second, the "attempt" language in Count Twenty-Two of the Superseding Indictment (Petitioner and his confederate "aiding and abetting each other and others, both known and unknown to the Grand Jury, **attempted to** and did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(a)(3), by robbery…." [CR Doc. 280 at 42 (emphasis added)]) is mere surplusage and may be disregarded. See United States v. Miller, 471 U.S. 130, 136, 105 S. Ct. 1811 (1985).

7

Even if the Court were to construe Count Twenty-Two as charging Petitioner with attempted Hobbs Act robbery, the result is the same. Although the Fourth Circuit has not squarely addressed whether attempted Hobbs Act robbery is a crime of violence, logic, as well as decisions of other courts, show that it is. The force clause, 18 U.S.C. § 924(c)(3)(A), embraces any felony that "has as an element the use, <u>attempted use</u>, or threatened use of physical force against the person or property of another." (emphasis added). Hobbs Act robbery is a crime of violence under the force clause. <u>Mathis</u>, 932 F.3d 266. "Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes '<u>attempted use</u>' of force." <u>United States v. St. Hubert</u>, 909 F.3d 335, 351 (4th Cir. 2018). <u>See</u> <u>also</u> <u>United States v. Holland</u>, 749 Fed. App'x 162, 166 (4th Cir. 2018) (holding and noting that several other circuits have recently held that, for ACCA sentencing enhancement purposes, "attempting to commit a substantive offense that qualifies as a violent felony also constitutes a qualifying violent felony"). As such, even if Petitioner's § 924(c) conviction were predicated on attempted Hobbs Act robbery, it remains valid.

Finally, there is literally no support in the record for Petitioner's argument that Petitioner's § 924(c) conviction on Count Twenty-Three is predicated on Hobbs Act conspiracy. The Court declines to address it further. The Court certainly recognizes that it would be convenient, under <u>United States v. Simms</u>, 914 F.3d 229 (4th Cir. 201), for Petitioner's § 924(c) conviction to have been based on Hobbs Act conspiracy. Nonetheless, it was not, and Counsel should not make such unsupported arguments.

In sum, because Petitioner's conviction under § 924(c) was predicated on aiding and abetting Hobbs Act robbery, which remains a crime of violence, the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate will be granted.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 12] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: March 14, 2020

Frank D. Whitney
Chief United States District Judge